# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **KENNETH G. HARVEY,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | Case No. 90-006-01-CR-W-6 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## ORDER

Petitioner seeks relief from his conviction and sentence, pursuant to Fed.R.Civ.P. 60(b). Petitioner claims that this court lacked subject matter jurisdiction to enhance his sentence because the relied upon provisions permit enhancement of a sentence for prior "serious" drug convictions. Presumably, he argues that his prior drug convictions were "non-serious," and therefore, should not be considered for enhancement purposes under 21 U.S.C. § 841(b)(1)(A).

On January 8, 1990, petitioner was charged with one count of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Prior to trial, respondent filed an information, pursuant to 21 U.S.C. § 851, and advised the court that petitioner had two prior felony drug convictions and was subject to a mandatory life sentence pursuant to § 841(b)(1)(A). After a bench trial, petitioner was found guilty of the offense charged, and on April 5, 1991, was sentenced to life imprisonment. Due to the fact that the prior drug offenses, although felonies, were not deemed serious enough to warrant imprisonment, and in view of petitioner's "immaturity of judgment...," I recommended executive clemency after petitioner

served fifteen years[1].

Petitioner appealed, arguing that the denial of his motion to suppress was error; that the evidence was insufficient; and cruel and unusual punishment. By a decision dated October 16, 1991, the Eighth Circuit affirmed the conviction and sentence. On May 27, 1997, petitioner filed a pro se motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (Case No. 97-766). The motion was denied. Petitioner appealed, and on May 7, 1999, the Eighth Circuit denied the certificate of appealability.

In dealing with purported Rule 60(b) motions following the dismissal of habeas petitions, a uniform procedure has been established whereby the court must conduct a brief initial inquiry to determine whether the allegations asserted in the motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254. Boyd v. U.S., 304 F.3d 813, 814 (8th Cir. 2002). A Rule 60(b) motion is deemed a successive § 2255 motion if it raises "grounds identical to grounds heard and decided on the merits in a previous petition". Mathenia v. Delo, 99 F.3d 1476, 1480 (8th Cir. 1996); quoting, Sawyer v. Whitley, 505 U.S. 333, 338 (1992).

In the instant motion, petitioner claims that his sentence was improperly enhanced due to the application of prior "serious" drug offenses. Because petitioner asserts that this court was without jurisdiction to impose his enhanced sentence, this was available as a habeas motion. See, 28 U.S.C. § 2255. Further, this claim is not new, and was raised, or could have been raised in the previous § 2255 motion. U.S. v. Washington, 2006 WL18910 *4 (D.Neb. 2006); see also, U.S. v. Arnold, 2001 WL435648 *1 (D.Minn. 2001) (although defendant attempts to characterize the motion as an attack

---

[1] The fifteen year period has of course expired. Also considered, was the prior drug offenses which appeared to be only technically within the statutory punishment plan, and it was noted that petitioner was twenty-four years of age at the time. (Sentencing Transcript at 14).

2

on the court's jurisdiction rather than an attack on his sentence, the motion is more properly characterized as a successive § 2255 motion). As such, his arguments cannot be considered unless he obtains the appropriate certification from the Eighth Circuit. Boyd, at 814[2].

Accordingly, it is hereby

ORDERED that the motion for relief pursuant to Rule 60(b)(4) (ECF doc. 13) is DENIED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

December 4, 2006

Kansas City, Missouri

---

[2]Nothing in this opinion should be construed as inconsistent with my recommendation that petitioner be granted executive clemency after serving fifteen years. As directed by the Eighth Circuit, the prosecution was obligated to deliver a copy of the sentencing transcript and the opinion to those persons in the Department of Justice whose responsibility it is to consider requests for executive clemency. U.S. v. Harvey, 946 F.2d 1375, 1378-79 (8th Cir. 1991). It is suggested that the prosecutor and the prisoner correspond on this subject.